IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

HELEN MORRIS ROJAS                                       PLAINTIFF

v.                      Civil No. 05-6064

JO ANNE B. BARNHART,
Commissioner, Social
Security Administration                                   DEFENDANT

## MEMORANDUM OPINION

**Factual and Procedural Background:**

Helen Rojas appeals from the decision of the Commissioner of the Social Security Administration (hereinafter "Commissioner"), denying her application supplemental security income benefits (hereinafter "SSI"), pursuant § 1602 of Title XVI of the Social Security Act (hereinafter "the Act"), *42 U.S.C. § 1381a.*

Plaintiff was 41 years of age at the time of the administrative hearing, and has an eighth grade formal education (T. 241, 242-243, 252). She has worked in the past as a care giver, however, the ALJ found that she had no past relevant work experience (T. 79, 22, 101, 233-245, 62, 20). Plaintiff alleges a closed period of disability beginning November 3, 2000 and ending December 1, 2001 (T. 57, 239-240), due to a kidney condition described as uteropelvic junction obstruction (left); a heart condition; fatigue; weakness/numbness; low back pain; right heel fracture; anxiety; headaches; and, memory loss. She protectively filed her application on January 16, 2001 (T. 56-59).

The Social Security Administration denied plaintiff's applications initially and on reconsideration. Plaintiff then requested and received a hearing before an Administrative Law Judge (hereinafter "ALJ"), which hearing was held on February 4, 2002 (T. 238-264). The ALJ

rendered an unfavorable decision on August 23, 2002 (T. 19-26). By Order entered July 11, 2005, the Appeals Council denied the plaintiff's Request for Review of the hearing decision (T. 3-5), thus making the ALJ's decision the final decision of the Commissioner. Plaintiff now seeks judicial review of that decision. The parties have filed appeal briefs (Doc. #8 & 9), and this matter is now ready for consideration.

**Applicable Law:**

The ALJ evaluated the plaintiff's claim according to the five-step sequential evaluation analysis prescribed by the social security regulations. See *20 C.F.R. §§ 404.1520(a)-(f);* see also *Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987)* (describing five-step analysis). At the first step, the ALJ found the plaintiff had not engaged in substantial gainful activity since her alleged onset date.[1] In the next two steps, the ALJ determined that plaintiff had a severe impairment in the form of recurrent uteropelvic junction obstruction (T. 21), but that she did not have an impairment or combination of impairments listed in, or medically equal to one listed in Appendix 1, Subpart P, Regulations No. 4 (T. 25). The ALJ determined that, during the relevant time period, the plaintiff retained the residual functional capacity (hereinafter "RFC") for the full range of sedentary work. See *Young v. Apfel, 221 F.3d 1065, 1069 n. 5 (8th Cir.2000)* (residual functional capacity determined at step four, where the burden of proof rests on the claimant). However, the ALJ found plaintiff had no past relevant work (T. 25). At the fifth step, the burden of production shifts to the Commissioner. *Krogmeier v. Barnhart, 294 F.3d 1019, 1022 (8th Cir.2002).* Utilizing the Medical-Vocational Guidelines, specifically,

---

[1] The plaintiff alleges an onset date of November 3, 2000 (T. 56-57). However, we note that with respect to SSI, benefits are not payable for a period prior to the date of the application. *Cruse v. Bowen, 867 F.2d 1183, 1187 (8th Cir.1989).*

-2-

Rule 201.24, Appendix 2, Subpart P, Regulations No. 4, the ALJ concluded that a finding of "not disabled" was directed for the closed period (T. 26). Thus, the ALJ concluded that the plaintiff was not under a "disability" as defined in the Social Security Act, during the period beginning November 3, 2000, and ending December 1, 2001 (T. 26).

Our role on review is to determine whether the Commissioner's findings are supported by substantial evidence in the record as a whole. See *Prosch v. Apfel, 201 F.3d 1010, 1012 (8th Cir.2000)*. Substantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *Id.* In determining whether existing evidence is substantial, we consider evidence that detracts from the Commissioner's decision as well as evidence that supports it. See *Craig v. Apfel, 212 F.3d 433, 436 (8th Cir.2000)*. As long as substantial evidence in the record supports the Commissioner's decision, we may not reverse it because substantial evidence exists in the record that would have supported a contrary outcome, see *id.*, or because we would have decided the case differently. See *Woolf v. Shalala, 3 F.3d 1210, 1213 (8th Cir.1993)*.

To establish entitlement to benefits, the plaintiff must show that she had been unable to engage in any substantial gainful activity by reason of a medically determinable impairment which had lasted or could have been expected to last for not less than 12 months. See *42 U.S.C. §§ 423(d)(1)(A) and 1382c(a)(3)(A)*.

Further, step four of the sequential analysis used in Social Security disability determinations requires the ALJ to review the plaintiff's residual functional capacity and the physical and mental demands of the plaintiff's past work. *See 20 C.F.R. § 404.1520(e)*. "[T]he ALJ has a duty to *fully* investigate and make *explicit* findings as to the physical and mental

-3-

demands of a plaintiff's past relevant work and to compare that with what the plaintiff herself is capable of doing before he determines that she is able to perform her past relevant work." *Nimick v. Secretary of Health & Human Servs., 887 F.2d 864, 866 (8th Cir.1989)* (emphasis in original). These findings require evidence of the "actual functional demands and job duties of a particular past relevant job" or the "functional demands and job duties of the occupation as generally required by employers throughout the national economy." *See id. n. 2* (quoting *S.S.R. No. 82-61, Soc.Sec.Rep. 836, 838 (West 1983))*.

The record documents that the plaintiff was involved in a serious motor vehicle accident on April 30, 1998. She underwent numerous surgeries. at the University Hospital of Arkansas. On May 1, 1998, Dr. Johannes Gruenwald, Dr. Jason Stewart, Dr. Patrick Gannon and Dr. Robert Garrison performed an irrigation and debridement of plaintiff's left thigh wound and femur fracture, and left knee bridging external fixator (T. 98-100). This surgery was repeated on May 4, 1998 (T. 103-104). On May 6, 1998, Dr. Gruenwald, Dr. Gannon and Dr. Stewart again irrigated and debrided the open femur fracture, and performed an open reduction and internal fixation of the left femur fracture, with complex wound repair involving greater than 10 centimeters, on the left lower extremity (T. 95-97). On May 8, 1998, Dr. Robert Ingraham and Dr. Daniel Pieper performed an L1 laminectomy, L1-2 discectomy, posterior stabilization from T11 to L3 with pedicle screws at L2-3 and laminar hooks at the T11-12 laminar mass. The doctors also performed a procedure including the harvesting of the left posterior iliac crest bone graft and bone graft placement (T. 107-110). On May 26, 1998, Dr. Gruenwald and Dr. Stewart performed a split-thickness skin graft to the left thigh (T. 122-125). The plaintiff returned to University Hospital of Arkansas for followup treatment, and also continued to see

AO72A
(Rev. 8/82)

her family physician locally, Dr. A.H. Tilley.

> On October 30, 1998, Dr. Tilley opined, as follows:
>
> Erin Hedges is a 19-year old white female who was involved in a near tragic motor vehicle accident on May 1, 1998. She had severe injuries to her leg and back requiring numerous surgeries and a long recuperative period. She was seen on October 22, 1998 in the office for follow-up and continues to have difficulty maintaining activity for any length of time. Specifically, she can stand for 30 minutes, walk for 3 blocks and sit for 1 hour before the pain in her back and leg become[s] severe. She has continual pain in her low back and left knee and is unable to squat or due (sic) any type of kneeling maneuvers. Physical examination was remarkable for flexion of only 90 degrees of her left knee with full extension. She does have crepitus in her left knee and healing graft site in her left thigh with some still open oozing areas that have not completely healed.
>
> Given the young age of this patient and the recovery to this point I do feel that she will have meaningful recovery in the future, but it is unknown at what time this will occur. It is also unknown whether she will have a complete recovery but at this time she is unable to maintain any type of gainful employment and will not likely be able to do so for an indefinite period of time calculated to be at least 12 months.

(T. 141). The record reflects that Dr. Tilley saw the plaintiff on November 24, 1998, at which time she was on crutches, and her knee was noted to be inflamed, with crepitus. The skin graft was healing (T. 140).

> On October 29, 1998, Dr. Gruenwald wrote the following:
>
> As of October 29, 1998, due to her Orthopaedic injuries Ms. Hedges will be totally temporarily disabled for a period of six-months to one year.
>
> If you have any questions please do not hesitate to contact my office at (501) 686-5321.

(T. 149). Dr. Gruenwald's progress notes, and all records from the surgeries described above,

AO72A
(Rev. 8/82)

are contained in the administrative record, herein.

The plaintiff asserted at the administrative hearing that, at the very least, she is entitled to a closed period of disability (T. 28). Under *20 C.F.R. § 404.316*, the Commissioner can award Social Security disability benefits either on a continuing basis or for a "closed period." The United States Court of Appeals for the Eighth Circuit has consistently held that disability is not an "all-or-nothing" proposition; a plaintiff who is not entitled to continuing benefits may well be eligible to receive benefits for a specific period of time. See *Van Horn v. Heckler, 717 F.2d 1196, 1200 (8th Cir.1983); see also Atkinson v. Bowen, 864 F.2d 67, 71 (8th Cir.1988)*. The Commissioner frequently awards such a closed period disability benefit. See, e.g., *Ness v. Sullivan, 904 F.2d 432, 434-35 (8th Cir.1990); Woods v. Bowen, 854 F.2d 288, 290 (8th Cir.1988)*. Here, the ALJ erred by evaluating only plaintiff's eligibility for disability benefits, and by failing to consider whether she was entitled to a closed period of benefits under *20 C.F.R. § 404.316*. The record is quite clear regarding plaintiff's condition from April 30, 1998 until October, 1999; it is less helpful in determining whether her disability continued beyond that period. See *Harris v. Secretary of Dept. of Health and Human Services 959 F.2d 723, 724 (8th Cir.1992)*.

Additionally, in finding that the plaintiff retains the residual functional capacity (hereinafter "RFC"), to perform substantially all of the requirements of sedentary work, the ALJ had to disregard the opinions of plaintiff's treating physicians, and rely on the opinion of a physician who had merely reviewed her medical records, and had neither treated nor examined plaintiff (T. 17, ¶ 3; T. 132-139). The ALJ did so by finding that the opinions of Dr.

Gruenwald and Dr. Tilley were "conclusory" and not supported by "specific findings or observations" and were "based upon an unqualified acceptance of the claimant's complaints and a desire to accommodate the claimant's request." (T. 16). We find it highly unlikely that one of the team of specialists/surgeons who labored to get the plaintiff to the point where she was, medically, at the time of the administrative hearing, would author a letter opinion such as that which is found at page 149 of this transcript, merely because the plaintiff "requested" such a letter, or due to an "unqualified acceptance" of the plaintiff's subjective complaints (T. 16, ¶ 1). Therefore, we decline to accept this as an adequate basis upon which to discount the opinions of plaintiff's treating physician and specialist.

Under the Commissioner's regulations, a treating physician's opinion is given "controlling weight" if it "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence." *20 C.F.R. § 404.1527(d)(2)*. Accordingly, an ALJ should "give good reasons" for discounting a treating physician's opinion. *Dolph v. Barnhart 308 F.3d 876, 878 -879 (8th Cir.2002); Prosch v. Apfel, 201 F.3d at 1013*.

The treating physician rule is premised, at least in part, on the notion that the treating physician is usually more familiar with the plaintiff's medical condition than are other physicians. *Thomas v. Sullivan, 928 F.2d 255, 259 n. 3 (8th Cir.1991);* see *20 C.F.R. §§ 404.1527(d)(2); 416.927(d)(2)*. Generally, more weight is given to the opinion of a specialist about medical issues related to the area of the specialty than to the opinion of a source who is not a specialist. *20 C.F.R. §§ 404.1527(d)(5); 416.927(d)(5);* see *Hinchey v. Shalala, 29 F.3d 428 (8th Cir.1994)*. By contrast, "[t]he opinion of a consulting physician who examines a

claimant once or not at all does not generally constitute substantial evidence." *Jenkins v. Apfel 196 F.3d 922, 925 (8th Cir.1999)*, citing *Kelley v. Callahan, 133 F.3d 583, 589 (8th Cir.1998)*. Consequently, reports of nonexamining physicians deserve little weight in the overall evaluation of disability, especially in light of evidence to the contrary. See *Woodward v. Schweiker, 668 F.2d 370, at 374 (8th Cir.1981); Brand v. Secretary of the Department of Health, Education and Welfare, 623 F.2d 523, 527 n.6 (8th Cir.1980)*.

**Conclusion:**

Accordingly, the ALJ's decision denying benefits to the plaintiff is not supported by substantial evidence and should be reversed. This matter should be remanded to the Commissioner for consideration of the issue of a closed period of disability, and for proper consideration of the opinions of plaintiff's treating physicians, or adequate explanation as to why said opinions and findings are discounted. Upon remand, interrogatories should be directed to the treating physicians, to aid in determining the question of a closed period of disability. See *Bishop v. Sullivan, 900 F.2d 1259, 1262 (8th Cir.1990)*.

ENTERED this 7th day of August, 2006.

/s/ Bobby E. Shepherd
HONORABLE BOBBY E. SHEPHERD
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)