IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

HELEN MORRIS ROJAS                                              PLAINTIFF

                v.                            Civil No. 05-6064

JO ANNE B. BARNHART,
Commissioner, Social
Security Administration                                       DEFENDANT

## AMENDED AND SUBSTITUTED
## MEMORANDUM OPINION

This memorandum opinion amends and is substituted for the memorandum opinion filed herein on August 7, 2006. (Doc. 10.)

**Factual and Procedural Background:**

Helen Rojas appeals from the decision of the Commissioner of the Social Security Administration (hereinafter "Commissioner"), denying her application supplemental security income benefits (hereinafter "SSI"), pursuant § 1602 of Title XVI of the Social Security Act (hereinafter "the Act"), *42 U.S.C. § 1381a.*

Plaintiff was 41 years of age at the time of the administrative hearing, and has an eighth grade formal education (T. 241, 242-243, 252). She has worked in the past as a care giver, however, the ALJ found that she had no past relevant work experience (T. 79, 25, 101, 245-252, 62, 20). Plaintiff alleges a closed period of disability beginning November 3, 2000 and ending December 1, 2001 (T. 57, 239-240), due to a kidney condition described as ureteropelvic junction obstruction (left); a heart condition; fatigue; weakness/numbness; low back pain; right heel fracture; anxiety; headaches; and, memory loss. She protectively filed her application on January 16, 2001 (T. 56-59).

The Social Security Administration denied plaintiff's applications initially and on reconsideration. Plaintiff then requested and received a hearing before an Administrative Law Judge (hereinafter "ALJ"), which hearing was held on February 4, 2002 (T. 238-264). The ALJ rendered an unfavorable decision on August 23, 2002 (T. 19-26). By Order entered July 11, 2005, the Appeals Council denied the plaintiff's Request for Review of the hearing decision (T. 3-5), thus making the ALJ's decision the final decision of the Commissioner. Plaintiff now seeks judicial review of that decision. The parties have filed appeal briefs (Doc. #8 & 9), and this matter is now ready for consideration.

**Applicable Law:**

The ALJ evaluated the plaintiff's claim according to the five-step sequential evaluation analysis prescribed by the social security regulations. See *20 C.F.R. §§ 404.1520(a)-(f);* see also *Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987)* (describing five-step analysis). At the first step, the ALJ found the plaintiff had not engaged in substantial gainful activity since her alleged onset date.[1] In the next two steps, the ALJ determined that plaintiff had a severe impairment in the form of recurrent ureteropelvic junction obstruction (T. 21), but that she did not have an impairment or combination of impairments listed in, or medically equal to one listed in Appendix 1, Subpart P, Regulations No. 4 (T. 25). The ALJ determined that, during the relevant time period, the plaintiff retained the residual functional capacity (hereinafter "RFC") for the full range of sedentary work. See *Young v. Apfel, 221 F.3d 1065, 1069 n. 5 (8th Cir.2000)* (residual functional capacity determined at step four, where the burden of proof

---

[1] The plaintiff alleges an onset date of November 3, 2000 (T. 56-57). However, we note that with respect to SSI, benefits are not payable for a period prior to the date of the application. *Cruse v. Bowen, 867 F.2d 1183, 1187 (8th Cir.1989).*

rests on the claimant). However, the ALJ also found plaintiff had no past relevant work (T. 25). At the fifth step, the burden of production shifts to the Commissioner. *Krogmeier v. Barnhart, 294 F.3d 1019, 1022 (8th Cir.2002).* Utilizing the Medical-Vocational Guidelines, specifically, Rule 201.24, Appendix 2, Subpart P, Regulations No. 4, the ALJ concluded that a finding of "not disabled" was directed for the closed period (T. 26). Thus, the ALJ concluded that the plaintiff was not under a "disability" as defined in the Social Security Act, during the period beginning November 3, 2000, and ending December 1, 2001 (T. 26).

Our role on review is to determine whether the Commissioner's findings are supported by substantial evidence in the record as a whole. See *Prosch v. Apfel, 201 F.3d 1010, 1012 (8th Cir.2000).* Substantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *Id.* In determining whether existing evidence is substantial, we consider evidence that detracts from the Commissioner's decision as well as evidence that supports it. See *Craig v. Apfel, 212 F.3d 433, 436 (8th Cir.2000).* As long as substantial evidence in the record supports the Commissioner's decision, we may not reverse it because substantial evidence exists in the record that would have supported a contrary outcome, see *id.*, or because we would have decided the case differently. See *Woolf v. Shalala, 3 F.3d 1210, 1213 (8th Cir.1993).*

To establish entitlement to benefits, the plaintiff must show that she had been unable to engage in any substantial gainful activity by reason of a medically determinable impairment which had lasted or could have been expected to last for not less than 12 months, or may result in death. See *42 U.S.C. §§ 423(d)(1)(A) and 1382c(a)(3)(A).*

The Commissioner's regulations require her to apply a five-step sequential evaluation

-3-

process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. See *20 C.F.R. § § 404.1520(a)-(f)(2003)*. Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. See *McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir.1982); 20 C .F.R. § § 404.1520, 416.920 (2003)*.

Further, the ALJ may discredit subjective complaints which are inconsistent with the record as a whole. *Ownbey v. Shalala*, *5 F.3d 342, 344 (8th Cir.1993)*. The law on this issue is clear. Under *Polaski v. Heckler*, *739 F.2d 1320, 1321-22 (8th Cir.1984),* "an ALJ must look at five factors when determining the credibility of a claimant's subjective allegations of pain: (1) the claimant's daily activities; (2) the duration, frequency and intensity of the pain; (3) aggravating and precipitating factors; (4) dosage, effectiveness and side effects of medication; and (5) functional restrictions." *Harris v. Shalala*, *45 F.3d 1190, 1193 (8th Cir.1995); see also Baker v. Sec. of HHS, 955 F.2d 552, 555 (8th Cir.1992)*. The absence of an objective medical basis which supports the subjective complaints of pain is just one factor to be considered in evaluating the credibility of a plaintiff's subjective complaints of pain. *Polaski v Heckler, 751 F.2d 943, 948 (8th Cir.1984); see also, Chamberlain v. Shalala, 47 F.3d 1489, 1494 (8th Cir.1995)*. The ALJ must "discuss" these factors in the hearing decision. *Herbert v. Heckler*, *783 F.2d 128, 131 (8th Cir.1986)(citing Polaski v. Heckler, 751 F.2d 943, 948-950 (8th*

AO72A
(Rev. 8/82)

*Cir.1984))*. Consideration must also be given to all the evidence presented related to the claimant's prior work history, and the observations of non-medical third parties, as well as treating and examining physicians related to the above matters. *20 C.F.R. § 416.929; Social Security Ruling 96-7p; Polaski v. Heckler, 751 F.2d 943 (8th Cir.1984)*(subsequent history omitted).

"While the claimant has the burden of proving that the disability results from a medically determinable physical or mental impairment, direct evidence of the cause and effect relationship between the impairment and the degree of claimant's subjective complaints need not be produced." *Polaski v. Heckler, 739 F.2d at 1322.*

To determine whether the ALJ properly applied the factors listed in *Polaski*, we must determine whether the ALJ took into account all the relevant evidence, and whether that evidence contradicted the claimant's own testimony so that the ALJ could discount the testimony for lack of credibility. *Benskin v. Bowen*, *830 F.2d 878, 882 (8th Cir.1987)*. The ALJ's credibility assessment must be based on substantial evidence. *Rautio v. Bowen*, *862 F.2d 176, 179 (8th Cir.1988).*

Implicit in the ALJ's task of making a credibility determination is the requirement that he "discuss" the *Polaski* factors. *Herbert v. Heckler*, *783 F.2d at 130* (the *Polaski* cases and the Social Security Disability Reform Act of 1984 require that the Commissioner set forth the inconsistencies in the objective medical evidence presented and discuss the factors set forth in the *Polaski* settlement when making "credibility" determinations concerning claimant's subjective complaints of pain).

AO72A
(Rev. 8/82)

In summary, the ALJ must discuss and point out the inconsistencies in the record, in order to make a credibility determination. *Cline v. Sullivan*, 939 F.2d 560, 565 (8th Cir.1991) ("it is not enough that inconsistencies may be said to exist, the ALJ must set forth the inconsistencies in the evidence presented and discuss the factors set forth in *Polaski* when making credibility determinations"); *Herbert v. Heckler*, 783 F.2d at 131 (even though evidence with respect to *Polaski* factors is in the record, those factors must be discussed in the decision).

Residual functional capacity is what a plaintiff can do despite her limitations, and it must be determined on the basis of all relevant evidence, including medical records, physician's opinions, and the plaintiff's description of her limitations. *Dunahoo v. Apfel, 241 F.3d 1033, 1039 (8th Cir.2001);* see also, *Anderson v. Shalala, 51 F.3d 777, 779 (8th Cir.1995);* 20 C.F.R. *§§416.945(a)*.

"Nonexertional limitations are limitations other than on strength but which nonetheless reduce an individual's ability to work." *Asher v. Bowen, 837 F.2d 825, 827 n. 2 (8th Cir.1988).* Examples include "mental, sensory, or skin impairments, as well as impairments which result in postural and manipulative limitations or environmental restrictions." *Id.; See 20 C.F.R., Pt. 404, Subpart P, Appendix 2, §§200.00(e)*.

Further, the prevailing rule, in the Eighth Circuit and elsewhere, is that "the report of a consulting physician who examined the claimant once does not constitute 'substantial evidence' upon the record as a whole, especially when contradicted by the evaluation of the claimant's treating physician." *Turpin v. Bowen, 813 F.2d 165, 170 (8th Cir.1987).* However, neither is

AO72A
(Rev. 8/82)

the opinion of the treating physician "conclusive in determining disability status, [since it] must be supported by medically acceptable clinical or diagnostic data." *Matthews v. Bowen, 879 F.2d 422, 424 (8th Cir.1989)*. Moreover, the deference accorded a treating physician is premised upon, as exists here, a presumed familiarity with the plaintiff's condition. *See, e.g., Peterson v. Shalala 843 F.Supp. 538, 541 (D.Neb.,1993)* citing *Havas v. Bowen, 804 F.2d 783, 785 (2d Cir.1986)*.

The fact that a physician is not trained in the statutes and regulations of the Social Security Act does not preclude the physician from evaluating the plaintiff. The physician's findings and conclusions constitute substantial evidence which must be carefully weighed by the ALJ and the Commissioner. Unless there is medical evidence that contradicts or refutes the physician's medical conclusion, the Commissioner is *bound* to treat the treating physician's diagnosis and conclusion as substantial evidence.[2] *Morse v. Shalala 16 F.3d 865, 872 -873 (8th Cir.1994),* citing *Bastien v. Califano, 572 F.2d 908, 912 (2d Cir.1978);* see also *Whitney v. Schweiker, 695 F.2d 784, 789 (7th Cir.1982)* ("If the ALJ concludes that a treating physician's evidence is credible, therefore, he should give it controlling weight in the absence of evidence to the contrary because of the treating physician's greater familiarity with the plaintiff's conditions and circumstances.")

We note, however, that although a treating physician's opinion is entitled to great

---

[2] This approach is consistent with Social Security Regulations that grant controlling weight to a treating physician's opinion if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence" in the case. *See* 20 C.F.R. § 416.927(d)(2) (1993) (effective Aug. 1, 1991); *Nelson v. Sullivan, 966 F.2d 363, 367-68 (8th Cir.1992)* (recognizing that "the new regulation merely codifies this circuit's law regarding the opinions of treating physicians").

weight, it does not automatically control or obviate the need to evaluate the record as whole. *Hogan v. Apfel* 239 F.3d 958, 961 (8th Cir.2001). The ALJ may discount or disregard such an opinion if other medical assessments are supported by superior, or more thorough medical evidence, or if the treating physician has offered inconsistent opinions. *Id; Rogers v. Chater,*118 F.3d 600, 602 (8th Cir.1997).

In short, the ALJ is not required to believe the opinion of a treating physician when, on balance, the medical evidence convinces him otherwise. *Id.* As but one example, a treating physician's opinion is not entitled to its usual substantial weight when it is, essentially, a vague, conclusory statement. *Piepgras v. Chater,* 76 F.3d 233, 236 (8th Cir.1996), citing *Thomas v. Sullivan,* 928 F.2d 255, 259 (8th Cir.1991). Rather, conclusory opinions, which are rendered by a treating physician, are not entitled to greater weight than any other physician's opinion. *Id.; Metz v. Shalala,* 49 F.3d 374, 377 (8th Cir.1995).

**Discussion:**

The history of plaintiff's left kidney condition was succinctly summarized in a medical report authored by Dr. John H. Lange, M.D., her urologist, on May 12, 2002, who stated, in part:

> A 40-year old who was admitted via the emergency room with the complaint of severe left flank pain 10 on a scale of 0-10 with some radiation to the groin area. This patient has a long and complicated urological history relating to the left kidney where she has been known to have a ureteropelvic junction obstruction which has been treated initially with an Acucise retrograde endopyelotomy in 9/20/00. Ureteral stent was left indwelling for a prolonged period of time and then her stent was removed in office and she subsequently required readmission for pain. The patient was readmitted in 11/2000 and on 11/24/200[0] underwent a percutaneous left endopyelotomy. A ureteral stent again was left indwelling for an extended period of time and this has subsequently been removed.

> The patient states that she has had a really chronic pain since that time requiring pain medication every day for comfort. The pain was much worse yesterday and the patient actually traveled all the way from Hot Springs, Arkansas to Fort [S]mith with this complaint and she was admitted.

(T. 230). This treatment history account as to plaintiff's kidney condition is not disputed by either party.

The plaintiff asserts that she is entitled to a closed period of disability (T. 28). Under *20 C.F.R. § 404.316*, the Commissioner can award Social Security disability benefits either on a continuing basis or for a "closed period." The United States Court of Appeals for the Eighth Circuit has consistently held that disability is not an "all-or-nothing" proposition; a plaintiff who is not entitled to continuing benefits may well be eligible to receive benefits for a specific period of time. See *Van Horn v. Heckler, 717 F.2d 1196, 1200 (8th Cir.1983);* see also *Atkinson v. Bowen, 864 F.2d 67, 71 (8th Cir.1988)*. The Commissioner frequently awards such a closed period disability benefit. See, e.g., *Ness v. Sullivan, 904 F.2d 432, 434-35 (8th Cir.1990); Woods v. Bowen, 854 F.2d 288, 290 (8th Cir.1988)*.

Here, however, the plaintiff has not demonstrated that she is entitled to a closed period of disability. According to the plaintiff's Disability Report, completed on November 9, 2000, she worked until February of 2000 (T. 62). However, evidence also shows she was working part-time as of October 30, 2001 (T. 210). She also testified at the hearing that she began working part-time as a care giver in March or April of 2001, and worked for approximately six (6) months before she had her final surgery in June of 2001 (T. 246). In an undated form entitled Claimant's Work Background, plaintiff reported she worked: from November, 1999 through February, 2000 at Simmons Foods, as a box maker/packer; as a care giver from the end

AO72A
(Rev. 8/82)

of March, 2001 through October 2001; and, as a grill cook, stocker, cleaner, dishwasher, cleaner and packager at Braum's Ice Cream Store, from November of 2001, through January, 2002 (T. 101). Finally, the plaintiff testified at the hearing that she would like to go back to work (T. 258).

In *Johnson v. Apfel, 240 F.3d 1145, 1148-49 (8th Cir.2001),* the United States Court of Appeals for the Eighth Circuit stated, "[a]cts which are inconsistent with a claimant's assertion of disability reflect negatively upon that claimant's credibility." Working generally demonstrates an ability to perform a substantial gainful activity. *See Naber v. Shalala, 22 F.3d 186, 188-89 (8th Cir.1994)*. Throughout plaintiff's claimed period of disability, the ALJ noted, she worked as a part-time care giver. Plaintiff was also able to perform the activities of daily living as outlined above (T. 74-76, 101, 244-245). These inconsistencies between plaintiff's subjective complaints and her activities diminish her credibility. *Goff v. Barnhart 421 F.3d 785, 792 (8th Cir.2005); Riggins v. Apfel, 177 F.3d 689, 692 (8th Cir.1999)* (finding activities such as driving his children to work, driving his wife to school, shopping, visiting his mother, taking a break with his wife between classes, watching television, and playing cards were inconsistent with plaintiff's complaints of disabling pain).

On April 10, 2001, treating physician, Dr. Lange, wrote:

I am writing on behalf of Helen Morris who is one of my patients. She ;has significant problems with disability related to left flank pain from an obstructed kidney which she has been suffering from for over one year. I originally saw her and did a procedure in September 2000. This was a limited procedure from which she did not make a full recovery and her situation returned; therefore, a more formal procedure was performed requiring a more lengthy hospitalization which was done in January. Subsequently, she has had an extended recovery, taking one to two months, and still has some residual pain in her left side from which she may eventually recover by may have some lasting disability. For

> these reasons, I think she should be considered for disability benefits as she has been unable to work during the period of her illness.

(T. 127). A progress note from Dr. Lange, however, dated May 29, 2001, reads as follows:

> The patient has returned to day just for a follow-up on her disability request. I told her that I could not ethically give her disability on a problem that can be repaired that she could be able to recover from completely. She will therefore be scheduled for a left pyeloplasty, dismembered open type procedure at the earliest convenience.

(T. 213).

Indeed, Dr. Lange, performed surgery to correct plaintiff's recurrent, left ureteropelvic junction obstruction on June 6, 2001 (T. 223-224). The operation was deemed successful. By October 30, 2001, she reported she was working part time (T. 210). Plaintiff testified at hearing that she felt better a month after the surgery, although it took several months to "recover" (T. 257). Further, a renal sonogram performed on March 29, 2002, was normal (T. 234), as was an IVP performed on November 13, 2001 (T. 235, 216). The trier of fact has the duty to resolve conflicting medical evidence. *Richardson v. Perales, 402 U.S. 389, 399 (1971)*. Thus, we believe that the record, herein, substantially supports the ALJ's determination as to plaintiff's RFC.

Finally, the ALJ evaluated the plaintiff's subjective complaints in light of *Polaski v. Heckler, 739 F.2d 1320 (8th Cir.1984),* and found they lacked credibility (T. 21-23). This Court should not disturb the decision of any ALJ who seriously considers, but for good reasons explicitly discredits, a plaintiff's testimony of disabling pain. See *Reed v. Sullivan, 988 F.2d 812, 815 (8th Cir.1993)*. "To require a more elaborate articulation of the ALJ's thought processes would not be reasonable." *Browning v. Sullivan, 958 F.2d 817, 821 (8th Cir.1992),*

AO72A
(Rev. 8/82)

quoting *Gooch v. Secretary of H.H.S., 833 F.2d 589, 592 (6th Cir.1987), cert. denied, 484 U.S. 1075 (1988).*

**Conclusion:**

Accordingly, the undersigned finds that the ALJ's decision denying benefits to the plaintiff is supported by substantial evidence and should be affirmed. Further, the Court finds that the plaintiff's Complaint should be dismissed with prejudice.

ENTERED this 18th day of August, 2006.

/s/ Bobby E. Shepherd
HONORABLE BOBBY E. SHEPHERD
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)